UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GERARD PARFAIT and				CIVIL ACTION
MARIE PARFAIT

v.						NO. 11-666

WAL-MART STORES, INC.				SECTION "F"
and  WAL-MART LOUISIANA, LLC

ORDER

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date.  No memoranda in opposition to the defendants' motion for summary judgment, noticed for submission on September 21, 2011, has been submitted.

Accordingly, the motion is deemed to be unopposed, and further, it appearing to the Court that the motion has merit,[1] IT

---

[1] The defendants have shown that the plaintiffs cannot prove the essential elements of their claim.  As the defendants point out, there is no evidence in the record that suggests that the pallet jack was defective, or that Wal-Mart knew or should have known of a defect in the jack.  Because the defendants have carried their summary judgement burden in showing that the plaintiffs cannot prove the required elements of custodial liability as mandated by Louisiana Civil Code articles 2317 and 2317.1, the defendants are entitled to judgment as a matter of law.
     The plaintiffs have failed to oppose the defendants' motion, or to submit any evidence showing that the jack was defective, or that the defendants had notice of the alleged defect.  Indeed, the defendants submit that Mr. Parfait admits in his own deposition that Wal-Mart did not know of a problem with the jack. "'A complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other fact immaterial' and 'mandates the entry of summary judgment' for the

1

IS ORDERED that the defendants' motion for summary judgment is GRANTED as unopposed. The plaintiffs' claims against the defendants are hereby dismissed.

New Orleans, Louisiana, September 19, 2011

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

moving party." <u>United States ex rel. v. City of Houston</u>, 523 F.3d 333, 337 (5th Cir. 2008) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).